B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>WEC 96D Lynnwood Investment Trust | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>51-6506803 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>250 Marquette Avenue, Suite 200<br>Minneapolis, MN<br>ZIP CODE 55401 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>2800 196th Street South West, Lynnwood, WA 98036 | ZIP CODE |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☑ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.)<br><br>Delaware Statutory Trust | ☐ Health Care Business<br>☑ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7   ☐ Chapter 15 Petition for<br>☐ Chapter 9     Recognition of a Foreign<br>☑ Chapter 11    Main Proceeding<br>☐ Chapter 12   ☐ Chapter 15 Petition for<br>☐ Chapter 13     Recognition of a Foreign<br>             Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer   ☑ Debts are primarily<br>debts, defined in 11 U.S.C.      business debts.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): **WEC 96D Lynnwood Investment Trust** | |
|---|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.)

| Location Where Filed: **NA** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: **NA** | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.)

| Name of Debtor: **NA** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)     (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

## Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | WEC 96D Lynnwood Investment Trust |

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X _____<br>Signature of Attorney for Debtor(s)<br><br>Printed Name of Attorney for Debtor(s)<br>William D. Sullivan<br>Firm Name<br>Sullivan Hazeltine Allinson LLC<br>Address<br>4 East 8th Street, Suite 400<br>Wilmington, DE 19801<br>Telephone Number<br>(302) 428-8191<br>Date 2-11-10<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>Address<br>_____<br><br>X _____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Authorized Individual<br>Bruce M Goldstein<br>Printed Name of Authorized Individual<br>Chief Financial Officer<br>Title of Authorized Individual<br><br>_____<br>Date | |

# WRITTEN CONSENT BY DIRECTORS OF
# FGLP COMPANY

## February 11, 2010

The undersigned, being the directors of FGLP Company (the "Company"), the trustee of the WEC 96D Lynnwood Investment Trust, a Delaware Statutory Trust, (the "Trust"), hereby declare that when they have signed this consent or a counterpart hereof, the following resolutions shall then be consented to, approved of, and adopted to the same extent and to have the same force and effect as if adopted at a special meeting of the manager of the Company duly called and held for the purpose of acting upon proposals to adopt such resolutions:

**WHEREAS,** the board of directors of the Company, having received appropriate and sufficient direction and authorization from Fairfax Granada Limited Partnership, in its capacity as owner participant of the Trust, deem it to be desirable and in the best interests of the Trust, its creditors, and other interested parties that that the Company cause a petition be filed by the Trust seeking relief under the provisions of chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code");

**RESOLVED FURTHER,** that the Company shall cause and hereby causes that the following individuals, who are each designated as an Authorized Officer of the Trust, be hereby elected to serve in the office set forth opposite each name effective immediately upon the commencement of the Chapter 11 Case (the "Effective Time") until the duration of the Chapter 11 Case (collectively referred to as the "Authorized Officers"):

| | |
|---|---|
| Arthur J. Petrie | Chief Restructuring Officer |
| Bruce M. Goldstein | Chief Financial Officer |

**RESOLVED FURTHER,** that the Authorized Officers from and after the Effective Time, who may act without the joinder of any of the other officers of the Company or the Trust, be and hereby are authorized, empowered, and directed, in the name and on behalf of the Trust, to do all such further acts, including, but not limited to, (i) the negotiation of such additional agreements, amendments, supplements, reports, documents, instruments, applications, notes, or certificates not now known but which may be required, (ii) the negotiation of such changes and additions to any agreements, amendments, supplements, reports, documents, instruments, applications, notes, or certificates currently existing (including,

without limitation, any documents related to obtaining third-party consents to the transactions contemplated hereby), (iii) the execution, delivery, and filing (if applicable) of any of the foregoing, and (iv) the payment of all fees, consent payments, taxes, and other expenses as the Authorized Officer, in their sole discretion, shall deem necessary, appropriate, or advisable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such acts, negotiations, executions, deliveries, filings, and payments to be conclusive evidence that the Authorized Officers deemed the same to be necessary, appropriate, or advisable, and that such acts, negotiations, executions, deliveries, filings, and payments are hereby authorized and approved;

RESOLVED FURTHER, that the Authorized Officers, from and after the Effective Time, be and hereby are designated by the Trust as an authorized signatories on all bank accounts of each of the Trust, wherever located;

RESOVLED FURTHER, that the Authorized Officers, from and after the Effective Time, be and hereby are designated by the Trust to be permitted full online access to any and all bank accounts of the Trust;

RESOLVED FURTHER, that Authorized Officers of the Trust be and are hereby authorized, directed, and empowered to open any new bank accounts, as needed, to be designated as "Debtor-in-Possession" bank accounts pursuant to the filing of the petition under chapter 11 of the Bankruptcy Code, and to include such signing parties on such accounts, as representatives of the Trust, as may be designated from time to time by the Authorized Officers of the Trust;

RESOLVED FURTHER, that the law firm of Holland & Knight be and hereby is employed as special counsel for the Trust under a general retainer in the Chapter 11 Case, subject to court approval;

RESOLVED FURTHER, that the law firm of Sullivan Hazeltine Allinson LLC be and hereby is employed as bankruptcy counsel for the Trust under a general retainer in the Chapter 11 case, subject to court approval;

RESOLVED FURTHER, that the Authorized Officers of the Trust be and hereby are authorized, directed, and empowered, on behalf of and in the name of the Trust, to employ and retain such further legal, financial, accounting, investment banking, real estate consulting, and bankruptcy services firms (collectively, the "Professionals") as may be deemed necessary or appropriate by the Authorized Officers of the Trust for the Chapter 11 Case;

RESOLVED FURTHER, that all acts lawfully done or actions lawfully taken by any Authorized Officer of the Trust or any of the Professionals to seek relief on behalf of the Trust under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Case, or any matter or proceeding related thereto,

be and hereby are adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Trust;

RESOLVED FURTHER, that the Trust, as a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code, be and hereby is authorized to enter into a lease (the "Lease") for the Land (as defined in the Trust Agreement) and take any and all actions necessary and proper relating to the execution and delivery of such Lease;

RESOLVED FURTHER, that the Authorized Officers of the Trust be and hereby are authorized and empowered, with full power of delegations, for and in the name and on behalf of the Trust, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings, including but not limited to the Lease, referred to in the foregoing resolutions;

RESOLVED FURTHER, that the Trust, as a debtor and debtor-in-possession under Chapter 11 of the Bankruptcy Code, be authorized to obtain debtor-in-possession financing to permit the Trust to operate in Chapter 11, to reorganize, and to emerge from bankruptcy;

RESOLVED FURTHER, that any and all actions of any officer or director of the Trust or the Company taken prior to the date hereof to (i) carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder, and (ii) take any such action to constitute conclusive evidence of the exercise of such discretionary authority, be and hereby are ratified, approved, and confirmed in all respects; and

RESOLVED FURTHER, that the Authorized Officers of the Trust be and hereby are authorized, empowered, and directed to do or cause to be done all other things and acts, to execute and deliver or cause to be executed and delivered all other instruments, documents, and certificates and to pay or cause to be paid all costs, fees, and taxes, including but not limited to the Lease, as may be, in their sole judgment, necessary, proper, or advisable in order to carry out and comply with the purposes and intent of the foregoing resolutions; and that all of the acts and deeds of the Authorized Officers and directors of the Company that are consistent with the purposes and intent of such resolutions be and hereby are, in all respects, approved, confirmed, ratified, and adopted as the acts and deeds of the Trust and the Company.

IN WITNESS WHEREOF, the undersigned, each being a director of the Company has executed this consent effective as of the date first above written.

February _11_ , 2010

By: _____
    Name: Eugene M. Rerat, III
    Position: Director

February ___, 2010

By: _____
    Name: Arthur J. Petrie
    Position: Director

February _11_ , 2010

By: _____
    Name: Alan R. Gingold
    Position: Independent Director

February __, 2010

By: _____
     Name: Eugene M. Rerat, III
     Position: Director

February 11, 2010

By: _____
     Name: Arthur J. Petrie
     Position: Director

February __, 2010

By: _____
     Name: Alan R. Gingold
     Position: Independent Director

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| WEC 96D Lynnwood Investment Trust, a | ) | |
| Delaware statutory trust | ) | Case No. 10-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS AND
CORPORATE OWNERSHIP STATEMENT**

In accordance with Rules 1007 and 7007.1 of the Federal Rules of Bankruptcy Procedure,

the Debtor, WEC 96D Lynnwood Investment Trust, submits the following information:

| Equity Holder (All Common Shares) | % Owned | Owner Information |
|---|---|---|
| Fairfax Granada Limited Partnership, a Minnesota Limited Partnership | 100% | Fairfax Granada Limited Partnership 250 Marquette Avenue, Suite 200 Minneapolis, MN 55401 Owner of the beneficial interest of the trust |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| WEC 96D Lynnwood Investment Trust, a | ) | Case No. 10-_____ (___) |
| Delaware statutory trust | ) | |
| | ) | |
| Debtor. | ) | |

## DECLARATION REGARDING LIST OF EQUITY SECURITY HOLDERS
## AND CORPORATE OWNERSHIP STATEMENT

I, Bruce M. Goldstein, as Chief Financial Officer of the debtor in this chapter 11 case, declare under penalty of perjury that I reviewed the list and that it is true and correct as of February 11, 2010, to the best of my knowledge, information and belief.

Date: February 11, 2010

Signature: _____
            Bruce M. Goldstein

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| WEC 96D Lynnwood Investment Trust, a | ) | |
| Delaware statutory trust | ) | Case No. 10-_____ (___) |
| | ) | |
| Debtor. | ) | |

## CONSOLIDATED LIST OF CREDITORS HOLDING THE
## <u>TWENTY LARGEST UNSECURED CLAIMS AGAINST THE DEBTOR</u>

The following is the consolidated list of creditors holding the twenty (20) largest unsecured claims against above-captioned debtor and debtor in possession ("Debtor") (the "List of Creditors"). The List of Creditors reflects estimated amounts owed by the Debtor as of the Petition Date.

The List of Creditors has been prepared on a consolidated basis from the books and records of the Debtors as of February 9, 2010. The Debtor takes no position at this time regarding whether any of the parties included in the List of Creditors are "insiders" of the Debtor, as that term is defined in the Bankruptcy Code, and the inclusion or exclusion of any party on the List of Creditors shall not constitute an admission by, nor shall it be binding on, the Debtor in any respect. The Debtor expressly reserves the right to, in their sole discretion, challenge the validity, priority and/or amount of any obligation reflected herein.

| Name of creditor and complete mailing address, including zip code | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|
| Low Voltage Systems, INC.<br>P.O. Box 14215<br>Mill Creek, WA 98082 | trade | | $105.00 |
| Mesirow Financial<br>321 North Clark Street<br>Chicago, IL 60654 | trade | | $100.00 |
| Allnight Air Sweep<br>P.O. Box 862<br>Snohomish, WA 98291 | trade | | $262.80 |
| Snohomish County PUD<br>P.O. Box 1100<br>Everett, WA 98206-1100 | trade | | $788.32 |
| Puget Sound Energy BOT-01H<br>P.O. Box 91269<br>Bellevue, WA 98009-9269 | trade | | $864.01 |
| City of Lynnwood<br>P.O. Box 5008<br>Lynnwood, WA 98046 | Improvement district assessment | | Parcel #003726-011-001-01 $7,321.82<br>Parcel #003726-011-001-02 $2,772.7<br>Parcel #003726-011-002-00 $15,250.28 |
| Coastal Real Estate Service<br>2829 Rucker Avenue, Suite 100<br>Everett, WA 98201 | trade | | $750.00 |
| Condo Commercial Grounds Maintenance<br>P.O. Box 679<br>Mukilteo, WA 98275 | trade | | $1,757.49 |
| Ground Patrol Service, LLC<br>22609 90th Avenue West<br>Edmonds, WA 98026 | trade | | $375.88 |
| Hinshaw & Culbertson<br>8142 Solutions Center Drive<br>Chicago, IL 60677-8001 | legal | | $812.50 |
| Base Management, LLC<br>250 Marquette Avenue, Suite 200<br>Minneapolis, MN 55404 | trade | | $3,000.00 |
| InterCall<br>8420 West Bryn Mawr, suite 400<br>Chicago, IL 60631 | trade | | $15.54 |

| Name of creditor and complete mailing address, including zip code | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|
| | | | |
| Cindy Portman, Assessor<br>Snohomish County Assessor's Office<br>County Admin. Bldg. East<br>3000 Rockefeller, M/S 510<br>Everett, WA 98201 | 2009 Real Estate Tax | | $55,841.29 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Name of creditor and complete mailing address, including zip code | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| WEC 96D Lynnwood Investment Trust, a | ) | |
| Delaware statutory trust | ) | Case No. 10-_____ (___) |
| | ) | |
| Debtor. | ) | |

## DECLARATION REGARDING CREDITORS
## HOLDING THE TWENTY LARGEST UNSECURED CLAIMS

I, Bruce M. Goldstein, am the Chief Financial Officer of the Debtor and debtor in possession in this chapter 11 case ("Debtor"), and in such capacities am familiar with the financial affairs of the Debtor. I declare under penalty of perjury that I have read and reviewed the foregoing Consolidated List of Creditors Holding the Twenty (20) Largest Unsecured Claims Against the Debtor and that the information included therein is true and correct to the best of my knowledge, information and belief.

Dated: February 11, 2010

Name: Bruce M. Goldstein
Title: Chief Financial Officer